**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,

Chapter 11
Case No. 8:13-bk-01520-KRM

AMERICAN MANAGED CARE, LLC,

Jointly Administered with
Case No. 8:13-bk-05952-KRM

    Debtors.
_____/

SONEET R. KAPILA, as the Chapter 11 Trustee for the estate of Universal Health Care Group, Inc., which entity serves as the sole member of American Managed Care, LLC,

    Plaintiff,

v.

Adv. Proc. _____

COLODNY FASS, P.A. F/K/A
COLODNY, FASS, TALENFELD,
KARLINSKY, ABATE & WEBB, P.A.,

    Defendant.
_____/

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL AND FRAUDULENT TRANSFERS**

Plaintiff, Soneet R. Kapila, as the duly appointed Chapter 11 Trustee for the estate of Universal Health Care Group, Inc., which entity serves as the sole member of American Managed Care, LLC (the "Trustee"), sues Defendant Colodny Fass, P.A. f/k/a Colodny, Fass, Talenfeld, Karlinsky, Abate & Webb, P.A. ("Defendant"), and alleges:

**Jurisdiction, Venue and Parties**

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. The Trustee filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on behalf of American Managed Care, LLC ("AMC" or the "Debtor") on May 3, 2013 (the "Petition Date").

5. AMC's Chapter 11 case is jointly administered with Case No. 8:13-bk-01520-KRM of Universal Health Care Group, Inc. ("UHCG"). Soneet R. Kapila is the Chapter 11 Trustee of UHCG, AMC's sole member.

6. The Defendant is a law firm with its principal place of business in Fort Lauderdale, Florida.

**Background Facts**

7. UHCG is a holding company that provided health insurance and managed care products through certain subsidiaries: (i) Universal Health Care, Inc.; (ii) Universal Health Care Insurance Company, Inc.; (iii) Universal HMO of Texas, Inc.; and (iv) Universal Health Care of Nevada, Inc. (collectively the "Regulated Subsidiaries"). AMC is a third-party administrator that operated as the management company for the Regulated Subsidiaries.

8. Defendant was retained to provide legal services to UHCG, AMC, or one or more of the Regulated Subsidiaries.

9. According to the claim registry in AMC's bankruptcy case, claims totaling approximately $56,672,000 have been filed against AMC. AMC's Schedules filed in its bankruptcy case show AMC only had about $2,678,000 in assets as of the Petition Date.

### Count I: Preferential Transfer
### (§§ 547(b) and 550)

10. The Trustee re-alleges paragraphs 1 through 9 above as if fully set forth herein.

11. This is an action against Defendant to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547(b) and 550.

12. During the ninety (90) days preceding the Petition Date, AMC transferred to Defendant a total of $23,070.46, consisting of the transfers listed on **Exhibit A** hereto (the "Transfers").

13. The Transfers were transfers of property of AMC.

14. The Transfers were made to Defendant on account of antecedent debts owed for the legal services before the Transfers were made.

15. The Transfers were made to or for the benefit of the Defendant.

16. The Transfers were made within the ninety (90) days prior to the Petition Date.

17. At the time of the Transfers, AMC was insolvent.

18. The Transfers enabled Defendant to recover more than it would have received as a creditor if: (a) the case were a case under Chapter 7 of the Code; (b) the Transfers had not been made; and (c) Defendant received payment of the debt to the extent provided by the provisions of the Code.

19. The Transfers are avoidable under 11 U.S.C. § 547(b).

20. Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the Transfers are avoidable under 11 U.S.C. § 547(b).

**WHEREFORE**, the Trustee respectfully requests the entry of a judgment against Defendant:

 a. avoiding the Transfers pursuant to 11 U.S.C. § 547(b) and avoiding all transfers by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 547(b);

 b. for the recovery of the amount of the Transfers pursuant to 11 U.S.C. § 550(a);

 c. for interest from the date(s) of the Transfers;

 d. for all costs of this action;

 e. disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's bankruptcy schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant has returned to AMC's estate the amount for which it is liable; and

 f. for such other and further relief as the Court deems proper.

### Count II: Fraudulent Transfer
### (§§ 548(a)(1)(A) and 550)

21. The Trustee re-alleges paragraphs 1 through 9 above as if fully set forth herein.

22. This is an action against Defendant to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550.

23. During the two years prior to the Petition Date, the Debtor made transfers to or for the benefit of Defendant totaling $689,271.28, consisting of the transfers listed on **Exhibit B** hereto (the "548 Transfers").

24. The 548 Transfers were transfers of property of AMC.

25. The 548 Transfers were made to or for the benefit of Defendant.

26. The 548 Transfers were made within the two years prior to the Petition Date.

27. Upon information and belief, the 548 Transfers were made with the actual intent to hinder, delay or defraud creditors of the Debtor.

28. The 548 Transfers are avoidable under 11 U.S.C. § 548(a)(1)(A).

29. Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the 548 Transfers are avoidable under 11 U.S.C. § 548(a)(1).

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment against Defendant:

a. avoiding the 548 Transfers pursuant to 11 U.S.C. § 548 and avoiding all transfers by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 548;

b. for the recovery of the amount of the 548 Transfers pursuant to 11 U.S.C. § 550(a);

c. for interest from the date(s) of the 548 Transfers;

d. for all costs of this action;

e. disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's bankruptcy schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant has returned to AMC's estate the amount for which it is liable; and

f. for such other and further relief as the Court deems proper.

## Count III: Fraudulent Transfer
## (§§ 548(a)(1)(B) and 550)

30.     The Trustee re-alleges paragraphs 1 through 9 and 23 above as if fully set forth herein.

31.     This is an action against Defendant to avoid and recover the 548 Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

32.      The 548 Transfers were transfers of property of AMC.

33.     The 548 Transfers were made to or for the benefit of Defendant.

34.     The 548 Transfers were made within the two years prior to the Petition Date.

35.     AMC received less than reasonably equivalent value in exchange for the 548 Transfers.  Defendant provided services to UHCG or one or more of the Regulated Subsidiaries.

36.     At the time the 548 Transfers were made: (a) AMC was insolvent or became insolvent as a result of such transfers; (b) AMC was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with AMC was unreasonably small in relation to the business or transaction; and/or (c) AMC intended to incur, or believed or reasonably should have believed that it would incur, debts beyond the AMC's ability to pay as such debts matured.

37.     The 548 Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

38.     Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the 548 Transfers are avoidable under 11 U.S.C. § 548(a)(1).

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment against Defendant:

   a.   avoiding the 548 Transfers pursuant to 11 U.S.C. § 548 and avoiding all transfers

     by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 548;

b. for the recovery of the amount of the Transfers pursuant to 11 U.S.C. § 550(a);

c. for interest from the date(s) of the 548 Transfers;

d. for all costs of this action;

e. disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's bankruptcy schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant has returned to AMC's estate the amount for which it is liable; and

f. for such other and further relief as the Court deems proper.

## RESERVATION OF RIGHTS

39. The Trustee reserves his right to amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against the Defendant as may be warranted under the circumstances and allowed by law.

Dated: February 2, 2015

        /s/ Stephanie C. Lieb
        MICHAEL P. HORAN
        Florida Bar No. 0307742
        mhoran@trenam.com
        STEPHANIE C. LIEB
        Florida Bar No. 0031806
        slieb@trenam.com
        TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, PA
        Suite 2700, Bank of America Plaza
        101 East Kennedy Boulevard
        Tampa, Florida 33602
        Tel: (813) 223-7474
        Fax: (813) 229-6553
        *Attorneys for American Managed Care, LLC, and Soneet R. Kapila as Chapter 11 Trustee*