UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AMERICAN MANAGED CARE, LLC,        Case No. 8:13-bk-05952-KRM
                                Chapter 11

        Debtor.

_____/

SONEET R. KAPILA, as the Chapter 11
Trustee for the estate of Universal Health      Adv. Proc. No. 8:15-ap-00135-KRM
Care Group, Inc., which entity serves as
the sole member of AMERICAN MANAGED
CARE, LLC,

        Plaintiff,

v.

COLODNY FASS, P.A. f/k/a Colodny,
Fass, Talenfeld, Karlinsky, Abate & Webb, P.A.

        Defendant.

_____/

## DEFENDANT'S MOTION (1) TO DISMISS COUNTS II AND III OF THE COMPLAINT; (2) FOR JUDICIAL NOTICE, AND (3) TO DETERMINE THE ADVERSARY PROCEEDING IS CONSTITUTIONALLY NON-CORE

Defendant, Colodny Fass, P.A. f/k/a Colodny, Fass, Talenfeld, Karlinsky, Abate &

Webb, P.A. (*"CF"* or the *"Defendant"*), by and through undersigned counsel, pursuant to Rule

7012, Federal Rules of Bankruptcy Procedure, moves (1) to dismiss the Counts II and III of the

complaint [ECF No. 1] (the *"Complaint"*) filed by Soneet R. Kapila (the *"Plaintiff"*), as the

Chapter 11 Trustee for the estate of Universal Health Care Group, Inc., which entity serves as the

sole member of American Managed Care, LLC (*"AMC"* or the *"Debtor"*); (2) for judicial notice,

and (3) to determine the adversary proceeding is constitutionally non-core, and states as follows:

## INTRODUCTION

The Complaint seeks to avoid and recover transfers made to the Defendant pursuant to 11 U.S.C. §§ 547[1] & 548(a)(1)(A)[2] and (B)[3], claims which the Supreme Court has clearly identified as adjudications of private rights (constitutionally non-core claims). In pleading such claims, the Plaintiff is required to plead the requisite factual allegations to state a claim that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Even under the lower standard pursuant to Fed. R. Civ. P. 8,[4] "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Moreover, the Complaint wholly fails to allege sufficient facts to meet the heightened pleading required under Fed. R. Civ. P. 9 for the actual fraudulent transfer claim in Count II. The Complaint, instead, alleges *only* conclusory statements, and fails to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7012.

## I.    MOTION TO DISMISS

### A.  Plaintiff Fails to Plead Facts to Support Actual Fraud

1.      In Count II of the Complaint, the Plaintiff attempts to plead a claim pursuant to 11 U.S.C. § 548(a)(1)(A) (an actually fraudulent transfer). The only allegation of fraud is the conclusory allegation that "upon information and belief, the 548 Transfers were made with the actual intent to hinder, delay or defraud creditors of the Debtor." *Complaint*, ¶ 27.

2.      Rule 9(b) of the Federal Rules of Civil Procedure requires that the specific circumstances constituting the actual fraud must be alleged with respect to each transfer. *See*

---

[1] Count I
[2] Count II
[3] Count III
[4] Applicable to Count III (Constructive Fraudulent Transfer)

*Mukamal v. American Express Co. (In re Arrow Air, Inc.)*, 10-28831-BKC-AJC, 2012 WL 6561313, at *3 (Bankr. S.D. Fla. Dec. 14, 2012) ("To sufficiently allege fraud, 'a party must state with particularity the circumstances constituting [the] fraud.' F.R. Civ. P. 9(b). Thus, a complaint must include allegations of 'facts amounting to deception in one form or another.'")

3.      "A strong inference of fraudulent intent 'may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 767 (Bankr. W.D. La. 2013). Of course, a court may consider certain "badges of fraud" in order to determine whether the transfers were made with the requisite intent. *Id.* But the Plaintiff alleges no facts showing motive and opportunity; no facts showing conscious misbehavior; and no facts as to the badges of fraud. The Plaintiff alleges no facts at all.

4.      In similar cases where the only statement as to the transferor's intent is a regurgitation of the language of the applicable statute, courts have held that the intent element was not sufficiently alleged. *See Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1371 (S.D. Fla. 2011) ("The only allegation of Defendants' intent is: 'Paragon made the transfers to Defendants Judith Gale, Lisa Tashman, and Julien Siegel with the actual intent to hinder, delay, or defraud Plaintiffs and members of the class from obtaining the monies Paragon owed them.' This is the type of formulaic recitation of a cause of action's elements that will not do.") (internal citations omitted). *See also Arrow Air*, 2012 WL 6561313 ("The mandate that a court must accept all allegations in a complaint as true for purposes of considering whether a claim should survive a motion to dismiss does not apply to legal conclusions....'Threadbare

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'").

5.      Since the Complaint fails to meet this standard, Count II must be dismissed.

**B.  The Constructive Fraudulent Transfer Claim Fails to Allege Sufficient Facts**

6.      In Count III, the Plaintiff attempts to plead a constructive fraudulent transfer claim under 11 U.S.C. § 548(a)(1)(B). In doing so, the Plaintiff "must allege facts sufficient to show the plausibility that…the debtor received 'less than a reasonably equivalent value' in exchange for such transfer." *Kapila v. Bible Baptist College of Pennsylvania, Inc. (In re ATM Fin. Serv., LLC)*, 2011 WL 2604247, at *2 (Bankr. M.D. Fla. 2011). In *ATM Financial*, the court dismissed the amended complaint because of its complete failure to allege facts upon which the court could infer any value. In fact, the court noted that it "could imagine a number of ways in which the transfer of $400,000 could have been for less than reasonably equivalent value in exchange, but the scant factual information presented by the amended complaint makes none of those hypothetical scenarios plausible." *Id.*

7.      Conclusory statements as to reasonably equivalent value are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *See Gulf Fleet*, 491 B.R. at 770 ("The allegations in the complaint with respect to the secured loan used to pay the $4 million loan are 'bare bones', and provide no details about the relationship between the secured loan and the repayment of the $4 million note, the nature of the collateral that secured the loan, or the value of the collateral."). Here, there are no allegations as to what value AMC received or did not receive. Other than the conclusory allegation that "AMC received less than reasonably equivalent value in exchange for the 548 Transfers," the Plaintiff only alleges that "Defendant provided services to UHCG or one or more of the Regulated Subsidiaries." While it is true that the Defendant provided services to

affiliates of the Debtor, no facts are alleged that (1) the transfers were made in payment for services made solely to affiliates of the Debtor; or (2) that the services to affiliates did not benefit the Debtor.[5]

8.      This is because, of course, the transfers absolutely benefitted AMC. "In a motion to dismiss a court may take judicial notice of the "entire record in the bankruptcy case and . . . adversary proceeding," *Bottcher v. Emigrant Mortgage Co. (In re Bottcher)*, 441 B.R. 1, 4 (Bankr. D. Mass. 2010). The Debtor's own Disclosure Statement belies that the Debtor did not receive value for the transfers.  In Article V of the Disclosure Statement [Main Case, ECF No. 1250] (the ***"Disclosure Statement"***),[6] the Debtor explains that:

> The Debtor had management agreements with each of the UHCG Regulated Subsidiaries, ***its only clients***. . . The Debtor was responsible for paying employees and other obligations associated with the management and operations of these entities.

(emphasis added)

9.      That is, the Debtor paid fees for the risk-bearing entities, *as it was obligated to do* pursuant the management agreements, and then benefited by receiving management fees. Not only did the Debtor receive value by enabling the Debtor's *only clients* (and only source of revenue) to operate and pay management fees to the Debtor, but the Debtor also made the transfers in satisfaction of its existing obligations to the subsidiaries. This is exactly what the Bankruptcy Code defines as value in 11 U.S.C. § 548(d). *See In re Florida Eco-Safaris, Inc.*, No. 6:12-BK-11411-KSJ, 2014 WL 7261545, at *1 (Bankr. M.D. Fla. Dec. 19, 2014). That the Plaintiff omits this information in the Complaint (because it undermines the Plaintiff's case in

---

[5] The Defendant does not believe that the Plaintiff could, in good faith, allege the transfers at issue did not benefit the Debtor, as the Debtor relied on the creation and licensure of the affiliates (the Debtor's only clients) in order to receive management fees.

[6] The Defendant requests this Court take judicial notice of the Disclosure Statement.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

that it shows that the Debtor received reasonably equivalent value for the transfers at issue) is disingenuous at best.

10.     Additionally, insolvency is an element of a claim under 11 U.S.C. § 548(a)(1)(B). Rule 8 similarly requires more than conclusory allegations as to insolvency at the time of each transfer. *In re Caremerica, Inc.*, 415 B.R. 200, 208 (Bankr. E.D.N.C. 2009). In *Caremerica,* the court noted that "[m]issing from the complaint is an identification of the consideration received by each transferor, information as to why the value of such consideration was less than the amount transferred, and facts supporting the debtors' insolvency at the time of the transfer." *Id.* The same is missing in this Complaint. Count III seeks judgment for various transfers made in the two years prior to the filing of the chapter 11 petition, but the Complaint is utterly devoid of any allegations as to the solvency of the Debtor at the time of each transfer.  Accordingly Count III must be dismissed.

## II.    THE CLAIMS ARE CONSTITUTIONALLY NON CORE

11.     The Plaintiff has sued Defendant (who has not filed a proof of claim) to recover preferential and fraudulent transfers. In such cases, a defendant has a right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64, 109 S. Ct. 2782, 2802, 106 L. Ed. 2d 26 (1989). The right to a jury trial attaches only to the adjudication of a private right, rather than a public right. *Id.* at 42, n.4. Adjudication of a private right is constitutionally non-core, irrespective of its classification in 28 U.S.C. § 157, and thus entitled to the structural protections afforded by Article III of the U.S. Constitution. *See Stern v. Marshall*, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011) (relying on *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, in "distinguishing 'the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, ... from the adjudication

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

of state-created private rights'"). Since a jury trial right is implicated, and the Defendant[7] will request a jury trial, the claims are thus constitutionally non-core. The Court should determine that all claims in this adversary proceeding are non-core.

WHEREFORE, the Defendant requests this Court enter an order (i) dismissing Counts II and III the Complaint; (ii) finding the adversary proceeding is non-core; and (iii) granting such other and further relief as is just and appropriate.

Dated: April 10, 2015.

s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
Lawrence E. Pecan, Esq.
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Boulevard, Suite 3200
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Defendant*

---

[7] The Defendant does not consent to a jury trial before the Bankruptcy Court. Thus, no jury trial may be conducted in the Bankruptcy Court. 28 U.S.C. § 157(e).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the

Court's Notice of Electronic Filing on April 10, 2015, upon the Registered Users listed on the

attached **<u>Exhibit 1</u>**.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## **EXHIBIT 1**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael P. Horan    mhoran@trenam.com, jstraw@trenam.com
- Stephanie C Lieb    slieb@trenam.com, idawkins@trenam.com;jfollman@trenam.com